Filed 2/6/14  P. v. Daly CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY J. DALY,<br><br>    Defendant and Appellant. | G048105<br><br>(Super. Ct. No. 12HF1216)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Anthony J. Daly, in pro. per.; and Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Anthony J. Daly was convicted of commercial burglary and petty theft, and sentenced to three years in jail. We appointed counsel to represent defendant on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth the facts of the case, raising no issues, and requesting that we independently review the entire record. We provided defendant 30 days to file written argument on his own behalf, which he did.

We have examined the entire record, appointed appellate counsel's *Wende/Anders* brief, and defendant's supplemental brief; we find no arguable issue. (*Wende, supra,* 25 Cal.3d 436.) We therefore affirm.

BACKGROUND

On November 13, 2011, about 6:00 p.m., Sean Noel was working at a Radio Shack in San Clemente. A Toshiba Thrive tablet, valued at $400, was on display, secured by security holders, and was streaming music through the store. Noel saw defendant enter the store and walk toward the section where the Toshiba Thrive was on display. Noel was assisting another customer who was already in the store. After about five minutes, Noel hear a loud noise coming from the area in which defendant was standing. About a minute later, defendant left the store, and Noel noticed that the streaming music had stopped. When Noel approached the area where the tablets were displayed, he saw the Toshiba Thrive was missing.

Noel saw defendant trying to open the door of a van in the store's parking lot. After Noel yelled at defendant, defendant ran away. Noel never saw defendant with the Toshiba Thrive in his possession.

A deputy sheriff, responding to the scene, searched and impounded the van that defendant had been trying to enter. Defendant's birth certificate, mail, and photographs were found in the van.

2

Defendant testified on his own behalf that the day before the Toshiba Thrive was stolen from the Radio Shack, his van stopped working, and he parked it in the Radio Shack parking lot.  Defendant further testified:  He slept in the van that night.  The next morning, he hitchhiked to San Juan Capistrano.  Defendant and his roommate decided to wait until the next day to repair or tow the van.  When defendant arrived in San Clemente the next day, however, the van was gone.

Defendant was charged in an information with one count of felony second degree commercial burglary (Pen. Code, §§ 459, 460, subd. (b)), and one count of misdemeanor petty theft (*id.*, §§ 484, subd. (a), 488).  Defendant was alleged to have suffered one prior prison term.

A jury found defendant guilty of both counts.  In a bifurcated proceeding, the trial court found the prison prior to be true.  The court sentenced defendant to a total of three years in jail:  two years for commercial burglary, plus a one-year sentencing enhancement for the prior prison term.  The court imposed and stayed execution of defendant's sentence for petty theft.  Defendant filed a timely notice of appeal.

ANALYSIS OF POTENTIAL ISSUES

Appointed counsel suggests we consider whether there was sufficient evidence to convict defendant of second degree burglary and petty theft.  "'In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.]" (*People v. Steele* (2002) 27 Cal.4th 1230, 1249.)  We presume in support of the judgment the existence of every fact that could reasonably be deduced from the evidence.  (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)  We may reverse for lack of substantial evidence only if "'upon no hypothesis whatever is there sufficient substantial evidence to support'" the conviction or the sentencing enhancement.

(*People v. Bolin* (1998) 18 Cal.4th 297, 331.) Having reviewed the appellate record, we conclude there was substantial evidence to support defendant's conviction for both second degree burglary and petty theft.

Appointed counsel also suggests we consider whether defendant's trial counsel was ineffective for failing to seek a judgment of acquittal. If the prosecution's evidence is insufficient to uphold a conviction, a judgment of acquittal is appropriate. (Pen. Code, § 1118.1.) In this case, however, the prosecution's case was more than sufficient to support a conviction, and defendant's trial counsel did not offer ineffective assistance by failing to make a meritless motion. (See *Strickland v. Washington* (1984) 466 U.S. 668.)

Appointed counsel also suggests we consider whether the trial court erred in failing to instruct the jury with CALCRIM No. 224, regarding circumstantial evidence. The jury was instructed with CALCRIM No. 225, which is the appropriate instruction when circumstantial evidence has been offered only to prove a defendant's intent or mental state. (*People v. Marshall* (1996) 13 Cal.4th 799, 849.) CALCRIM No. 224 is the appropriate instruction when other elements of the offense also rest on circumstantial evidence. Because the prosecution was relying on circumstantial evidence to establish intent or mental state only, the trial court did not err in instructing the jury with CALCRIM No. 225 rather than CALCRIM No. 224.

Appointed counsel also suggests we consider whether the trial court erred in failing to sanitize defendant's prior convictions. Defendant had previously been convicted of the following: (1) two felony counts of commercial burglary, two felony counts of grand theft, and one felony count of receiving stolen property in 2010; (2) one count of felony commercial burglary in 2010; (3) misdemeanor petty theft in 2008; and (4) misdemeanor possession of stolen property in 2009. Prior felony convictions involving moral turpitude are admissible to impeach a defendant's testimony. (*People v. Castro* (1985) 38 Cal.3d 301, 313-317.) Under the standards of *People v. Beagle* (1972)

4

6 Cal.3d 441, 453, for determining whether past misconduct is admissible as impeachment because it reflects a defendant's moral turpitude, the conduct leading to defendant's misdemeanor convictions was also properly admitted.

The trial court allowed the prosecutor to question defendant regarding his prior convictions and misdemeanor conduct, but sanitized them by requiring the prosecutor to refer to them as "a conviction of a felony theft" and the commission of "misdemeanor theft offense[s]." The prosecutor adhered to the court's ruling. We find no error in failing to further sanitize the convictions and/or offenses.

Finally, appointed counsel suggests we consider whether the trial court erred in denying defendant's request for new counsel, pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). "When a defendant seeks discharge of his appointed counsel on the basis of inadequate representation by making what is commonly referred to as a *Marsden* motion, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of counsel's inadequacy. [Citations.] 'A defendant is entitled to have appointed counsel discharged upon a showing that counsel is not providing adequate representation or that counsel and defendant have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.' [Citations.]" (*People v. Cole* (2004) 33 Cal.4th 1158, 1190.) At the sentencing hearing, the trial court conducted a thorough inquiry into whether defendant's trial counsel appropriately and competently represented defendant, and concluded that she had. We have read the transcript of that hearing and find no abuse of discretion in the court's decision. (*Ibid.*)

Defendant's supplemental brief raises one additional issue regarding his rights under *Marsden*. Defendant offered evidence that before trial, he contacted his deputy public defender's supervisor, who instructed defendant to obtain from the sheriff's department the appropriate forms to file a *Marsden* motion. Defendant submitted the request on a sheriff's department inmate message slip, but was told, "No Forms

5

Available." After trial, defendant again requested the necessary forms to file a *Marsden* motion, but did not receive those forms until after sentencing. The failure to permit defendant to exercise his constitutional rights is a serious violation that we do not condone. However, a full *Marsden* hearing was conducted at defendant's sentencing hearing, despite the apparent lack of the necessary form. As explained, *ante*, the trial court did not abuse its discretion in denying defendant's request to remove his deputy public defender at that time. Nothing in the record indicates the court would have been any more likely to grant the motion if it had been made before or during trial. (Indeed, more of the deputy public defender's alleged failures were presented to the trial court when the hearing was held after trial.) Defendant did not suffer prejudice as a result of the failure to timely provide him with the proper form to file a *Marsden* motion.

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the possible issues suggested by appointed counsel and by defendant, has disclosed no reasonably arguable appellate issue. Competent counsel has represented defendant in this appeal.

DISPOSITION

The judgment is affirmed.

FYBEL, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

6